Ernest Ingold v. Commissioner. Gene Ingold v. Commissioner.
Ingold v. Commissioner
Docket Nos. 24221, 24222.
United States Tax Court
1951 Tax Ct. Memo LEXIS 142; 10 T.C.M. (CCH) 680; T.C.M. (RIA) 51222; August 10, 1951
*142 Petitioners, Ernest Ingold and his wife, Gene Ingold, pursuant to a transaction entered into between them and a corporation wholly owned by them, sold to the corporation securities which they had held for over six months. On the sale of some of these securities they realized gains, and on others, losses. Held, the losses sustained are unallowable as deductions, pursuant to section 24 (b) (1) (B) of the Internal Revenue Code, and can not be offset against the gains realized. Frederic D. Dassori, Esq., 1775 Broadway, New York, N. Y., for the petitioners. T. M. Mather, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion These cases were consolidated for hearing and decision. The respondent determined deficiencies in petitioners' income tax for 1944 as follows: Docket No.
Deficiency
24221
Ernest Ingold
$1,672.15
24222
Gene Ingold
1,672.72
The question presented for decision is as follows: Where petitioners, owners of all of the stock in a corporation, pursuant to a single transaction, sell to or exchange with that corporation certain securities, resulting in gains as to some of the securities *143 sold and losses as to others, is only the net gain realized taxable or are all the gains subject to tax and the losses unallowable as deductions under section 24 (b) (1) (B) of the Internal Revenue Code? Findings of Fact Part of the facts were stipulated and are so found. Petitioners are, and at all times hereinafter mentioned were, husband and wife, residing in California and maintaining their principal place of business at 999 Van Ness Avenue, San Francisco. They duly filed their individual income tax returns for the year 1944 with the collector of internal revenue for the first district of California. During the taxable year ended December 31, 1944, the petitioners were the joint owners of all the capital stock of Ernest Ingold, Inc., a California corporation. On September 25, 1944, they contracted with this corporation for the purchase of two parcels of real property owned by the corporation. On one of such parcels of land there existed at that time a deed of trust held by the American Trust Company of San Francisco, which deed of trust was security for an outstanding loan to the corporation of $66,000. The petitioners agreed to assume this debt. They *144 paid the corporation $1,721.58 cash and gave it their promissory note for $62,500. In addition, they transferred to the corporation certain securities at a contract value of $134,908, which was the market value of these securities on September 30, 1944, as listed on the New York Stock Exchange. Previously these securities had been pledged by petitioners to a brokerage house, E. F. Hutton & Co., San Francisco, the payment of petitioners' debt to Hutton & Co. in the amount of $36,629.58. Ernest Ingold, Inc. assumed petitioners' debt to Hutton & Co.Hutton & Co. assented to the transfer of the securities and the assumption by Ernest Ingold, Inc. of petitioners' debt to it. The securities were valued on September 30, 1944, because October 1, 1944, was the date set by the parties for the passage of property interests in the real property and securities. The securities involved had been held by the petitioners for over six months prior to October 1, 1944. The securities which were sold, their cost to the petitioners, and their selling price (value September 30, 1944) are as follows: Selling Price
No. of
Value on
Gain or
Security
Shares
Acquired
Cost
Sept. 30, 1944
(Loss)
Alleghany Corporation
400
12/23/39
$ 350.00
$ 950.00
$ 600.00
International Harvester
100
3/ 5/31
5,685.00
7,987.50
2,302.50
Pacific Gas & Electric
462
1930-1-2
18,080.20
15,072.75
(3,007.45)
Standard Oil Co. of N.J.
100
3/31/31
4,807.50
5,387.50
580.00
Standard Oil Co. of N.J.
102
11/ 4/40
3,546.00
5,495.25
1,949.25
Union Carbide & Carbon Corp
100
3/1, 5/31
6,647.70
7,887.50
1,239.80
Anglo California National Bank of San
Francisco
200
12/30/32
1,700.00
4,800.00
3,100.00
Anglo California
National Bank of San
Francisco
44
4/26/44
2.12
1,056.00
1,053.88
E. I. DuPont de Nemours & Co.
127
12/ 2/41
18,263.61
19,621.50
1,357.89
Consolidated Natural Gas Co.
20
650.00
650.00
Pacific Lighting Corp.
750
1931-32
34,878.50
33,375.00
(1,503.50)
Radio Corp. of America
1,300
1930-32
23,149.20
14,137.50
(9,011.70)
Radio Corp. of America
1,700
1/27/43
10,157.50
18,487.50
8,330.00
$127,267.33
$134,908.00
*145 Opinion HILL, Judge: The question presented for decision is, where petitioners, owners of 100 per cent of the stock in a corporation, in a single transaction with that corporation, sell or exchange thirteen blocks of securities at their fair market value, together with other valuable consideration, for two parcels of real property, and the exchange results in gains as to ten of the blocks of securities sold and losses as to the other three, is only the net gain realized taxable or are all the gains subject to tax and the losses unallowable as deductions under section 24 (b) (1) (B) [1] of the Internal Revenue Code? It has been held that where, as here, *146 there is a transaction involving the sale or exchange of various securities between a corporation and an individual owning more than 50 per cent of its stock, pursuant to section 24 (b) (1) (B) of the Code, the securities are to be considered as separately sold or exchanged, and losses on some of such securities may not be deducted though there was a taxable gain as to other securities sold or exchanged in the transaction. Lakeside Irrigation Co. Inc., 41 B.T.A. 892, affirmed 128 Fed. (2d) 418, cert. denied 317 U.S. 666; Reddington Co. Inc., v. Commissioner, 131 Fed. (2d) 1014; Morris Investment Corp., 5 T.C. 583, affirmed 156 Fed. (2d) 748, cert. denied 329 U.S. 788. The petitioners argue, however, that what happened in their transaction is to be distinguished from the above cases and that the securities which they sold or exchanged with the corporation, consisting of thirteen blocks of common stock in various corporations, constituted a single asset; however, they failed to present a single cogent reason why those securities constituted a "single asset", and we fail to discern anything in *147 the facts of this case which distinguishes it in any material respect from those cited above. We hold that section 24 (b) (1) (B) of the Code is applicable in respect to the losses sustained by the petitioners in their sales of securities to Ernest Ingold, Inc. Decisions will be entered for the respondent. Footnotes
1. SEC. 24. ITEMS NOT DEDUCTIBLE. * * *
(b) Losses from Sales or Exchanges of Property. - (1) Losses disallowed. - In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly - * * *
(B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual.↩